UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Saleh Elghassen,<br><br>    Plaintiff,<br><br>v.<br><br>RBS Computer, Inc., d/b/a Royal Management Corporation; and Experian Information Solutions, Inc.<br><br>    Defendants. | Case No.: 2:14-cv-01539-JAD-GWF<br><br>**Order Granting RBS Computer's Motion to Dismiss for Lack of Personal Jurisdiction [#19]** |

Defendant RBS Computer Inc., a Texas corporation whose only office is in Texas, moves to dismiss this Fair Credit Reporting Act case for lack of personal jurisdiction.[1] RBS does not conduct business in Nevada. It does not own any property in Nevada. It does not have any employees who work in Nevada or direct communications to Nevada. Nor does it have a Nevada bank account. In short, RBS does not have sufficient minimum contacts with Nevada to justify haling it here to defend this case. I therefore grant RBS's motion to dismiss.

## Discussion

**A.     Establishing Specific Jurisdiction over an Extra-territorial Defendant**

The Due Process Clause of the Fourteenth Amendment limits a court's power to bind a non-resident defendant to a judgment in the state in which it sits.[2] As the Supreme Court explained in the seminal personal-jurisdiction case of *International Shoe v. Washington*, "Although a non-resident's physical presence within the territorial jurisdiction of the court is not required" for the exercise of personal jurisdiction, "the nonresident generally must have certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[3] "[T]he defendant's conduct and connection with the forum State [must be] such that he

---

[1]     Doc. 19.

[2]     *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

[3]     *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotations omitted).

should reasonably anticipate being haled into court there."[4]

The parties agree that specific, not general, personal jurisdiction is at issue here. Specific jurisdiction depends on an "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."[5] The Ninth Circuit has established a three-prong test for specific jurisdiction:

> (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one that arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair pair play and substantial justice–in other words, it must be reasonable.[6]

Elghassen bears the burden of satisfying the first two prongs. If they are satisfied, the burden then shifts to RBS to show why the exercise of personal jurisdiction would be unreasonable.[7]

**B.     Elghassen Has Not Demonstrated Sufficient Minimum Contacts for this Court to Exercise Specific Jurisdiction over RBS.**

**1.     Elghassen has not demonstrated that RBS has purposefully availed itself of the privileges of conducting activities in Nevada.**

The purposeful-availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third party; the requirement is but a test for determining the more fundamental issue of whether defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there."[8] The key question is one of due process: would it

---

[4]    *World-Wide Volkswagen*, 444 U.S. at 297.

[5]    *Goodyear Dunlop Tires Oper. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

[6]    *Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797, 801 (9th Cir. 2004.)

[7]    *Id.*

[8]    *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986).

be fair, based on RBS's contacts with Nevada, for it to expect to have to defend itself in a Nevada court?

I find that it would not be fair. RBS is a Texas corporation whose only office is in Texas. It does not conduct business in Nevada. It does not own any property in Nevada. It does not have any employees who work in Nevada or direct communications to Nevada. Nor does it have a Nevada bank account. Elghassen undervalues these facts and focuses instead on his own contacts with Nevada and the effect RBS's alleged violation would have on him in this state.[9]

In *Walden v. Fiore*, however, the Supreme Court underscored the importance of a defendant's own, direct contacts with the forum state in the specific-jurisdiction analysis. The Court reversed a Ninth Circuit opinion finding that the Nevada District Court could exercise specific personal jurisdiction over a Georgia police officer who, while working as a deputized DEA agent at a Georgia airport, searched a Nevada-bound couple and seized almost $97,000 in cash representing legitimate gambling proceeds.[10] The officer then drafted in Georgia what was alleged to be a false and fraudulent affidavit of probable cause to support a potential forfeiture action for the seized funds.[11]

The Ninth Circuit sitting *en banc* found that Nevada could exercise personal jurisdiction over the Georgia officer for purposes of the couple's *Bivens* action against him by focusing on the officer's knowledge of the couple's "strong forum connections" and the "foreseeable harm" that the officer's conduct in Georgia would cause them in Nevada.[12] The problem with this approach to minimum contacts analysis, the Supreme Court explained, is that it

> impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis. [The officer's] actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections. Such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis. It also obscures the reality that

---

[9] *See* Doc. 26 at 6-7.

[10] *Id.* at 1119.

[11] *Id.* at 1124.

[12] *Id.* (quoting *Fiore v. Walden*, 688 F.3d 558, 577-579, 581 (9th Cir. 2011)).

Page 3 of 5

none of [the officer's] challenged conduct had anything to do with Nevada itself.[13]

*Walden* emphasizes "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State"[14] and focuses the minimum-contacts analysis on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."[15] In short, "[t]he plaintiff cannot be the only link between the defendant and the forum."[16]

Elghassen has not demonstrated that there is a strong enough link between RBS and Nevada to justify making RBS come here to defend itself. The purposeful-availment prong has not been satisfied.

### 2. Elghassen has not demonstrated that his claim arises out of activities RBS conducted in Nevada.

Nor has Elghassen demonstrated that his claim arises from forum-related activities. Elghassen claims that RBS provided certain inaccurate information to defendant Experian,[17] a national credit reporting agency with a principal place of business in Ohio.[18] He also claims that RBS received notification from Experian of [Elghassen]'s dispute regarding the information and failed to remove the inaccurate information and/or added additional derogatory information to [Elghassen's] credit.

But Elghassen has not demonstrated that these alleged actions occurred in Nevada or were directed at Nevada. All of the actions Elghassen claims RBS committed would have occurred in Texas, where its only office is, and any communication RBS had with Experian would have occurred

---

[13] *Id.* at 1124-25 (internal citations omitted).

[14] *Id.* at 1126.

[15] *Walden*, 134 S. Ct. at 1122.

[16] *Id.*

[17] *See* Doc. 8 at ¶¶16, 26-27, 31-32. Elghassen has resolved his claims against Experian. *See* Doc. 30.

[18] *Id.* at ¶13.

outside of Nevada because Experian does not have an office in Nevada. Accordingly, Elghassen has not shown his claim arose out of RBS's forum-related activities.

### 3. Because Elghassen has not satisfied the first two prongs of the minimum contacts analysis, I need not consider the third prong.

Elghassen has the burden of satisfying the first two prongs of the minimum-contacts analysis. He has not satisfied either of them. Therefore, I need not consider the third prong.[19]

### Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant RBS Computer's Motion to Dismiss for lack of personal jurisdiction [**Doc. 19**] **is GRANTED**; all claims against RBS are hereby dismissed. As the dismissal of all claims against RBS leaves no other claims pending, the Clerk of Court is directed to close this case.

DATED: June 4, 2015

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[19] This prong, too, heavily favors RBS given the absence of any "purposeful injection" by it into Nevada's affairs and the significant burden it would face if forced to defend itself in Nevada, where it has no offices or employees. *See Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (identifying the factors courts should consider when determining the third prong of a minimum contacts analysis).